

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mrs. Violet S. Greenhill, Chief
Division of Child Welfare
Capitol Building
Austin, Texas

Dear Mrs. Greenhill:

Opinion No. O-2254
Re: Solicitation of funds
by an out-of-state
institution for care
of children -- Art.
4442a, V. A. C. S.

We have carefully considered your request with reference to the above subject, as embodied in your letter of April 17, 1940. In that letter you state as follows:

"We wish to request of you an opinion on whether an institution for the care and custody of children under fifteen years of age which is situated in another state would be required to obtain a license to solicit funds for such institution, as coming within the meaning of Vernon's Texas Annotated Civil Statutes, Article 4442a."

Article 4442a, Section 1, Vernon's Annotated Texas Statutes, reads as follows:

"Sec. 1. Every person, association or corporation, whether operating for charity or revenue, who shall own, conduct or manage a day nursery, children's boarding home, or child placing agency, or other place for the care or custody of children under fifteen years of age, or who shall solicit funds in this State for any such place or institution, shall obtain an annual license from the State Board of Health, which license shall be issued without fee, and under such reasonable and uniform rules and regulations as

said Board shall prescribe. Provided that
if said funds are solicited by said associa-
tions or corporations through any agent or
agents thereof, only one such license shall
be required by each said association or
corporation for each county of the State of
Texas in which county said funds are solicit-
ed."

The subsequent sections of this Article, Nos. 2, 3, 4, 5 and
6 specify the authority of the Board.

The Forty-sixth Legislature, through Senate Bill
No. 36, transferred the powers originally vested in the State
Board of Health, with regard to this Act, to the State Depart-
ment of Public Welfare. (General Laws of Texas, Vol. 1, p.
548, Sec. 9a, Acts of the 46th Leg., R. S., 1939).

The first sentence of Section 1, Article 4442a,
supra, prescribes that a license shall be obtained for the op-
eration of, or the solicitation of funds by any association or
corporation of the nature described, and that said license
shall be issued by the State "under such reasonable and uniform
rules and regulations" as the department or board in question
may prescribe. The second sentence, however, elaborates the
license for the solicitation of funds, by explaining that where
this solicitation is carried on by any "agent or agents" of
the association or corporation, that only one such license shall
be required for each county. There is, therefore, a difference
between a license for the operation of such an institution, and
the license by counties for the solicitation of funds by such
an institution.

We come then to the question of whether such an
institution, association, or corporation, situated in another
state, would be required to obtain a license to solicit funds
in this State. In Davidson v. Henry L. Doherty & Co., 241 N.
W. 700, the Supreme Court of Iowa ruled that "even though a
state may not exclude a citizen of another state from doing
business therein, the Constitution does not prohibit a state
from imposing reasonable conditions upon the citizen of a
foreign state who seeks to do business within its borders, and
this is especially so when like conditions are imposed upon
its own citizens".

The Legislature of the State of Texas has the power
to require a license of out-of-state institutions of this

nature as a prerequisite to solicit funds in Texas. Your department, by Article 4442a, supra, is directed to set up the regulations for issuing, and to issue such licenses, and has the authority to require that the institution in question obtain said license before soliciting funds in Texas.

In regard to your further questions, having to do with the procedure by which you may ascertain whether out-of-state institutions, which may apply for a license to solicit funds in Texas, can and do meet the requirements you have proscribed, we think:

(1) You may send your own inspector to visit the institution, so long as you comply with the provisions of the Departmental Appropriation Bill with respect to out-of-state travel ("Travelling Expenses", Sec. C., S. B. 427), and with the consent of the institution involved;

(2) You cannot legally designate an out-of-state representative to make the inspection unless your appropriation provides a fund from which you can pay, or offer to pay, salary and expenses involved;

(3) If you choose to specify in your rules and regulations that an affidavit will suffice to establish the status of an institution in question, where an inspection is not practicable, you have the authority to do so.

In answer to your final question as to whether you may arbitrarily refuse an out-of-state institution the right to solicit funds in this State, we believe such refusal would have to be predicated upon the inability or refusal of said institution to comply with "such reasonable and uniform rules and regulations as said Board shall proscribe".

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Walter R. Koch_
Walter R. Koch
Assistant

APPROVED MAY 24, 1940

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN